UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

        Plaintiff,

v.

TACOMA NEWS TRIBUNE,

        Defendant.

CASE NO. C17-5560 BHS

ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

This matter comes before the Court on Plaintiff Gary Casterlow-Bey's motion to proceed *in forma pauperis* and proposed complaint. Dkts. 1, 1-1.

On July 20, 2017, Casterlow-Bey filed the instant motion and proposed complaint alleging state law causes of action against Defendant Tacoma News Tribune ("TNT"). Although Casterlow-Bey admits that TNT is based in Tacoma, he argues that its published content has nationwide implications that cause harm to him. Dkt. 1-1 at 1.

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court, however, has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). In civil actions for damages, the privilege to proceed *in forma pauperis* should be allowed only in exceptional circumstances. *Id*. at 600. "A district court may deny leave to

proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

In this case, Casterlow-Bey fails to properly assert jurisdiction. "[T]he party asserting diversity jurisdiction bears the burden of proof . . . ." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Casterlow-Bey concedes that TNT is a company based in Tacoma and that he is a citizen of Washington. The Court is unaware of and Casterlow-Bey has failed to show any exception to the requirement of compete diversity based solely on the national implications of a company's work. Therefore, the Court concludes that Casterlow-Bey's assertion that diversity jurisdiction exists is without merit. The Court **DENIES** Casterlow-Bey's motion to proceed *in forma pauperis* and **DISMISSES** Casterlow-Bey's complaint. The Clerk shall close this case.

**IT IS SO ORDERED**.

Dated this 7th day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge